## Pulver v. Pulver.

*District Court of Pueblo County, June 4, 1900.*

DIXON, J.

This is an appeal by the defendant from an order of the county court awarding alimony *pendente lite*, obtained by the plaintiff in her action for divorce now pending in that court. Plaintiff moves to dismiss the appeal for want of jurisdiction, and relies upon the case of Mercer v. Mercer 13 Colo. App. 237.

From the report of that case it appears that the husband obtained a decree of divorce, and the wife a judgment for alimony, entered in conjunction with the former. An appeal was taken by the husband from the judgment for alimony, but no appeal was taken by the wife from the decree of divorce.

The Court of Appeals declined to entertain jurisdiction on the ground that the act of 1893, (L.93 p.236; 3 Mills Ann. St. § 1562, &c.) relating to actions for divorce confers exclusive jurisdiction upon the Supreme Court to review, by appeal or writ of error, judgments and decrees in such actions. This decision was subsequently affirmed by the Supreme Court, Mercer v. Mercer 1 Colo. Dec. 229.

The only part of the statute which regulates appeals and writs of error is section 11, (3 Mills Ann. St. § 1567b) which reads—"A party against whom a decree for a divorce has been granted may appeal from such decree to the Supreme Court, and the practice and procedure in such appeal shall be as is now provided by law for appeals in civil causes to the Supreme Court; or a writ of error from any decree granting a divorce shall lie to the Supreme Court, and the practice and procedure upon such writ of error shall be as is now provided by law upon writs of error to the Supreme Court;

provided, that such writ of error shall be sued out of the Supreme Court within six months from the date of the decree in said cause, and not after that time."

Section 12 (3 Mills Ann. St. § 1567c) provides—"All acts or parts of acts in conflict with this act are hereby repealed."

It will be observed that the only judgment or decree, for the review of which provision is made, is the *decree of divorce.*

The right of appeal exists only when conferred by written law. If, therefore, it should be held that the said act of 1893 was intended to establish an entire and exclusive system of practice and procedure in actions for divorce, and that the right of appeal from final orders, judgments and decrees in such actions must be found, if at all, within its four corners, it follows that the right of appeal exists only from the decrees therein specifically provided for, namely, decrees of divorce; and that such right has been extinguished as to other final orders and judgments which were appealable prior to the passage of the act. For instance, a final order awarding alimony *pendente lite* could not be appealed except upon the conclusion of the cause, and then only in event of a decree of of divorce being granted. If relief should be denied and the petition be dismissed, such order could never be appealed.

I do not think that the Legislature intended such a result, or that the proper construction of the act necessitates or warrants such a conclusion.

The fact that exclusive jurisdiction is conferred upon the Supreme Court to review decrees of divorce furnishes no ground for an inference that it was intended to extinguish the right of appeal as to other final orders and judgments. Nor does the repealing clause carry with it such intendment. Prior to the passage of the act, *all* final orders, judgments and decrees in such actions were appealable, as in civil cases, under general statutes. (1 Mills Ann. St. § 1085, 3 *Id.* § 1097; Mills Ann. Code §§ 388, 406, 406d.) The repealing clause (3 Mills Ann. St. § 1567c) repeals these statutes only in their application to decrees of divorce, leaving them in full force and effect as to all other final orders and judgments. In short, the purpose and effect of the said act of 1893 is to withdraw decrees of divorce from the operation of the general laws allowing and regulating appeals and writs of error, and to make special provisions for appeals and writs of error as to those particular

decrees.

The reasons for this legislation are apparent upon the face of the act, and furnish a safe guide for its proper construction. Whenever a decree of divorce is entered by a trial court, it is of the utmost importance to all persons concerned and to the State, that the status of the parties be finally and irrevocably fixed as speedily as possible.

Prior to 1893 there was "in no general or specific sense a statutory system of procedure in divorce cases," and it was understood that a writ of error to review a decree of divorce could be sued out, as in civil cases, at any time within three years from the date of the decree. (Mills Ann. Code. § 401.) Hence the status of the parties could not be said to be finally and irrevocably fixed until the expiration of the three years, and if the party obtaining the decree should remarry during that period, he would do so at the peril of misery and disgrace to himself and to innocent persons who might be involved. The prohibition against remarriage under the act of 1893 covers a period of one year, (3 Mills Ann. St. § 1567a) and it is apparent that if some special provision had not been made as to writs of error, there would be a period of two years during which the parties would be at liberty to remarry, and during which a writ of error might be sued out to review the proceedings in divorce. To prevent the unfortunate and miserable complications that would follow the successful prosecution of a writ of error after the remarriage of the successful party in an action for divorce, section 11 of the act (3 Mills Ann. St. § 1567b) provides that the writ of error must be sued out within six months; and to prevent the long delay which would be entailed if a cause should be dragged through both of the appellate courts, it confers exclusive jurisdiction upon the Supreme Court.

No final order or judgment in an action for divorce can affect the status of the parties or be followed by the complications alluded to except the decree of divorce; hence there was no necessity for extraordinary provisions, except as to such decrees, and all other final orders and judgments were left to be controlled by the laws in force.

The views here expressed are not necessarily in conflict with the decision in Mercer v. Mercer. On the contrary, the question here presented undoubtedly suggested itself to the Court of Ap-

peals, and an expression of opinion was withheld. This clearly appears from the following language on page 241 (13 Colo. App.) "Whether in a suit for divorce there could be an independent judgment for alimony which might be reviewed by appeal or writ of error prior to the final determination of the suit, if therein a severance of the bonds of matrimony be sought, and the alimony is but an incident to the ultimate relief, we do not determine. It may be that this would under some circumstances be true."

I am of the opinion, therefore, that all final orders and judgments in actions for divorce which were appealable prior to the passage of the act of 1893 (3 Mills Ann. St. § 1562, &c.) are still appealable, decrees of divorce—specially—under the act of 1893, and all other final orders and judgments—generally—under the laws in force at the time of the passage of that act. If this be true it necessarily follows that jurisdiction to determine appeals from all final orders and judgments except decrees of divorce is vested in the same courts which had jurisdiction prior to the passage of the act.

It is true that the appellate courts in the cases cited have construed this act so as to confer exclusive jurisdiction upon the Supreme Court to review a judgment for alimony rendered in conjunction with a decree of divorce, when no appeal is taken from the latter. But these decisions were distinctly predicated upon the ground that a decree of divorce had in fact been granted, and the conclusion as to the judgment for alimony was upon the assumption that for the purposes of the appeal it was but an incident to the decree of divorce. If this were a parallel case, I should of course yield to authority. But this is not such a case. No decree of divorce has been granted; it is not certain that one ever will be granted; and if one should be granted, the order now appealed from will not be incident to it, nor from any part of it. On the contrary, if this appeal be dismissed, the order may be enforced, and the defendant left without any remedy, long before the decree of divorce is entered, if one should be entered.

The motion must be overruled and denied.